## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION


| | | |
|---|---|---|
| **PAULETTE LUSTER, et al.,** | ) | **CASE NO. 1:16CV2613** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **AWP, INC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion (ECF DKT #14) of Plaintiffs

Paulette Luster and Betty Haas, individually and as representatives of all similarly situated

employees of Defendant, AWP Inc. d/b/a Area Wide Protective, for Conditional Certification,

Court-Facilitated Notice and Expedited Discovery pursuant to Section 216(b) of the Fair Labor

Standards Act, 29 U.S.C. § 216(b) and Fed. R. Civ. P. 26(d) and 83(b).  For the following

reasons, Plaintiffs' Motion is GRANTED, in part.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiffs Paulette Luster and Betty Haas filed their Complaint on behalf of themselves

and all others similarly situated on October 26, 2016, against Defendant AWP, Inc., alleging

violations of FLSA, 29 U.S.C. §§ 201-219.  On December 30, 2016, Plaintiffs filed a Motion for

Conditional Certification, Expedited Opt-In Discovery and Court-Supervised Notice to Potential

Opt-In Plaintiffs.

Defendant employs traffic control specialists who direct traffic in temporary roadway construction zones.  The equipment for directing traffic is stored in Defendant's trucks, which employees drive to and from work sites.  Some employees pick up the trucks at Defendant's place of business each morning and return the trucks each night, while others drive Defendant's trucks directly from their homes to the work sites.  Employees are required to fuel the trucks and perform inspections to ensure the trucks are in good condition.  Plaintiffs were employed by Defendant as traffic control specialists.  Plaintiff Haas drove a truck directly from her home to the work site and Defendant Luster drove a truck from Defendant's place of business to the work site.

Plaintiffs filed a collective action suit against Defendant on behalf of themselves and all others similarly situated alleging violations of FLSA, 29 U.S.C. §§ 201-219.  Plaintiffs allege that they were not paid for any time spent driving Defendant's trucks to and from work sites, fueling trucks or performing inspections.  Plaintiffs also allege they were not paid time and a half for hours worked over forty each week, despite being classified as non-exempt hourly workers. Twenty-three additional Plaintiffs have since opted in to the action.  Plaintiffs filed a motion requesting conditional certification for the collective action, as well as expedited discovery and Court-facilitated notice to potential opt-in plaintiffs.  Defendant objects to conditional certification because Plaintiffs have not identified an unlawful policy the class is subject to and conditional certification would not serve judicial economy because the putative class definition is overbroad.  Defendant also objects to Plaintiffs' Motion for Expedited Discovery and Court-Facilitated Notice.

## LAW AND ANALYSIS

I.        **Standard of Review for Collective Action**

An employee may bring an action on behalf of himself and other "similarly situated"

employees pursuant to 29 U.S.C. § 216(b).  Unlike typical class actions, each employee

wishing to join the collective action must affirmatively "opt-in" by filing written consent.

29 U.S.C. § 216(b).  District courts have discretion to facilitate notice to potential plaintiffs.

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Before facilitating notice,

courts must determine whether the potential class members are similarly situated under

Section 216(b) of the FLSA.

The Sixth Circuit expressed approval for the two-phase test developed by the district

courts in the Sixth Circuit.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir.

2006).  The first phase takes place at the beginning of discovery when the court has minimal

evidence.  *Id.* at 546.  In the first phase, courts may grant conditional class certification upon a

modest factual showing sufficient to demonstrate that the putative class members were the

victims of a single decision, policy or plan.  *Comer*, 454 F.3d at 547; *Goldman v. RadioShack*

*Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003).  Plaintiffs

must show their "position is similar, not identical, to the positions held by the putative

class members." *Id.* at 546-47.  Plaintiffs must only establish some "factual nexus" between

the Plaintiffs and the potential class members.  *Harrison v. McDonald's Corp.*, 411 F. Supp.

2d 862, 868 (S.D. Ohio 2005) (citing *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432

(S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and

discovery has concluded." *Comer*, 454 F.3d at 546.  During the second phase, courts have

discretion to make a more thorough finding regarding the "similarly situated" requirement.

*Id.* at 547.  "If the claimants are similarly situated, the district court allows the representative

action to proceed to trial.  If the claimants are not similarly situated, the district court

decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."  *Douglas v.*

*GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at \*14 (N.D. Ohio Apr.

30, 2007) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

## II.     Plaintiffs' Putative Class is Similarly Situated.

Having considered the arguments and evidence submitted by the parties, the Court finds

that at this stage of the proceedings, Plaintiffs have met their "slight" burden and are entitled to

conditional certification.

Plaintiffs have satisfied their modest burden by their Declarations.  Plaintiff Luster

worked for Defendant as a traffic control specialist from March 2012 to November 2015.  (ECF

DKT #14-2).  She declares she was required to drive Defendant's truck from Defendant's place

of business to the work site and back; she was required to fuel Defendant's vehicle; she was

required to pick up other employees and drop them off; she was required to perform pre- and

post-work inspections of the vehicle[1]; and she was not paid for any of this work. *Id.*  Defendant

Haas makes the same allegations, except that Haas drove from home to the work sites and back.

(ECF DKT #14-3).  All of the opt-in Plaintiffs similarly allege they drove from home or

Defendant's place of business to work and back, were not paid for this time, this time put them

over 40 hours for the week and they were not paid overtime.  (ECF DKT #14-4).  This is

---

[1]Defendant alleges that Luster did not perform any inspections.  However, as Luster's Declaration alleges that she was required to and did perform inspections, this creates an issue of fact to be determined through discovery.

sufficient to meet Plaintiffs' "slight" burden to show that the members of the putative class were all subject to the same policy.

Defendant argues that conditional certification should be denied because Plaintiffs have not identified an *illegal* policy or practice affecting the putative class.  However, in their Complaint, Plaintiffs make two arguments that the time spent with Defendant's trucks should be counted as work time rather than being exempt as commuting under 29 U.S.C. § 254(a). Questions of fact (what duties employees performed and whether they were paid for them) and questions of law (whether the alleged conduct constitutes a violation) are questions on the merits and therefore not appropriate for the notice stage of conditional certification.  It is sufficient for this stage that Plaintiffs have established a policy or practice and have advanced arguments that the policy violates the FLSA.

Defendant also argues that allowing conditional certification of this class will not promote judicial efficiency, as it would merely put off until later the large number of individual considerations that must be made.  However, this objection is better suited to the second stage of conditional certification.  "Once Plaintiffs have met their burden at the notice stage, Defendant cannot overcome the showing by arguing that individual issues may dominate." *Abrams v. City of Albuquerque*, No. 10-0872 MV/RHS, 2013 WL 11336856, at *6 (D.N.M. Sept. 24, 2013)(internal quotation marks omitted).  Notice and discovery are required to discover which Plaintiffs have individual questions and to what extent they may predominate over the common issues.  Additionally, since Plaintiffs' claims all relate to a single policy, any individualized determination of job duties would only involve determining if the employee were affected by the policy or not, which is not so burdensome as to preclude conditional certification at the notice

stage.

Defendant also argues that the class definition is overbroad because it includes workers

who did not drive trucks, did not work overtime and who worked overtime but were paid for that

time.  Defendant cites three cases to support the claim that certification should be denied: *Maez*

*v. Springs Auto. Group, LLC*, 268 F.R.D. 391 (D. Colo. 2010); *Perez v. Metabolife Int'l, Inc.*,

218 F.R.D. 262 (S.D. Fla. 2003); and *Abrams v. City of Albuquerque*, No. 10-0872 MV/RHS,

2013 U.S. Dist. LEXIS 191656 (D.N.M. Sep. 24, 2013).  However, these cases do not support

denying conditional certification in this case.  *Maez* and *Perez* both involved Rule 23 class

certification, and "[t]he standard for granting conditional certification in an FLSA case is much

lower than the standard for certification of a class action brought under Rule 23."  *Waggoner v.*

*U.S. Bancorp*, 110 F. Supp. 3d 759, 768 (N.D. Ohio 2015); *Maez*, 268 F.R.D. at 394; *Perez*, 218

F.R.D. at 265-66.  While the court in *Abrams* found that the class definition was too broad for

court-facilitated notice, the court granted conditional certification.  Thus, even though Plaintiffs

did not respond directly to Defendant's argument that the class definition is overbroad,

Defendant's argument does not support denying conditional certification at this stage.

### CONCLUSION

The Court grants Plaintiffs' Motion for Conditional Class Certification of the FLSA

claim.  The Class is defined as follows:

> All current and former traffic control specialists employed by AWP,
> Inc. at any time between October 26, 2013 and the present.

If discovery shows that claimants are not similarly situated, the Court will decertify the class and

dismiss the opt-in plaintiffs without prejudice.

Within ten days of this Order, the parties shall submit to the Court proposed language for

notification and consent forms to be issued via First-Class Mail.  Plaintiffs seek to compel

Defendant to answer Plaintiffs' interrogatories within fourteen days.  However, given the

potential size and scope of the class the Court orders Defendant to file with the Court, no later

than three days from the date of this Order, a proposed time schedule to provide Plaintiffs the

names, last known addresses, last known phone numbers and dates of employment of employee

class members.  Upon receipt, the Court will order expedited discovery and will set an opt-in

period.

      **IT IS SO ORDERED.**


                                            **s/ Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

**Dated:  July 25, 2017**