# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **PAULETTE LUSTER, etc., et al.,** | ) | **CASE NO. 1:16CV2613** |
| | ) | |
| **Plaintiffs,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **AWP INC., d/b/a AREA WIDE** | ) | |
| **PROTECTIVE,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #115) of Plaintiffs to Alter or Amend Judgment and Motion for Leave to File Amended Complaint.  For the following reasons, the Motion is denied.

## I. BACKGROUND

Plaintiffs Paulette Luster and Isaiah Molton brought this Fair Labor Standards Act ("FLSA") collective action, on their behalf and on behalf of similarly-situated traffic control specialists, against Defendant AWP for failure to pay overtime for all hours worked over forty hours in a workweek.  The operative Complaint is Plaintiffs' First Amended Complaint (ECF DKT #106) which was filed on January 10, 2020.  Plaintiffs allege that they were denied overtime for activities such as commuting to and from worksites in AWP vehicles, inspecting the vehicles before and after their commutes, transporting tools and equipment, fueling the vehicles and picking up and dropping off co-workers.

Defendant filed a Motion (ECF DKT #107) to Dismiss on January 24, 2020, arguing

that:

> Plaintiffs' claims are foreclosed as a matter of law by the Portal to Portal Act, 29 U.S.C.§ 254 ("PPA"), which excepts from compensability any time spent: (1) commuting to and from work; (2) performing activities that are incidental to the use of a Company vehicle for commuting; and (3) performing all other pre- and post-liminary activities that are not "integral and indispensable"— i.e., an "intrinsic element of," and absolutely "indispensable to," the "productive work" that Plaintiffs were hired to perform. *Id.* at 5.

Defendant added that the PPA was amended in 1995, to emphasize that non-compensable pre-/post-liminary activities include home-to-work commuting in a company vehicle, as well as all activities that are "incidental" to an employee's use of a company vehicle for commuting. Employee Commuting Flexibility Act ("ECFA"). (See ECF DKT #107 at 5).

On October 16, 2020, the Court granted Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (ECF DKT #113). The Court noted that Plaintiffs were required to demonstrate that they performed compensable work for which they were not properly paid overtime under the FLSA. Plaintiffs had to allege that their activities were integral and indispensable to the productive work they were hired to perform, *i.e.*, the duties of traffic control specialists. The Court discussed the applicability of the PPA and of the ECFA which added the following language to 29 U.S.C. § 254(a):

> For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting ***shall not be considered part of the employee's principal activities if use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.*** (Emphasis added).

The Court concluded that applying the law to the allegations of the First Amended

Complaint, and assuming all facts to be true as the Court must, Plaintiffs failed to demonstrate that they were plausibly entitled to relief under the FLSA overtime provisions.

On November 12, 2020, Plaintiffs filed the instant Motion to Alter or Amend Judgment and Motion for Leave to File Amended Complaint.  (ECF DKT #115).  Plaintiffs seek relief under Fed.R.Civ.P. 59(e), Fed.R.Civ.P. 60(b) and Fed.R.Civ.P. 15(a).

In order to prevent what they believe would be a manifest injustice to more than 1,960 employees, Plaintiffs ask the Court to alter or amend its judgment and permit them to amend their Complaint to address the deficiencies the Court identified and to clarify their factual allegations.  Plaintiffs insist that prior to the Court's decision, they had no suspicion or knowledge that their factual allegations were deficient.

Plaintiffs seek leave to clarify their claims by providing details, including:
 - Defendant requires Plaintiffs and other similarly-situated traffic control specialists to work in pairs.
 - Defendant assigns drivers their partner/flagger passengers each day and requires drivers to pick up their partner/flagger passengers from their homes and drive them to the worksites.
 - Partner/flagger passengers act as spotters on the job site when drivers back up their vehicles into position.
 - Having to pick up/drop off, transport their assigned partners added this additional one to two (1 to 2) hours of drive time, and took Plaintiffs and other similarly-situated traffic control specialists beyond their normal commute, when compared to a direct commute to a drive site.

- Plaintiffs could not dispense with the activities listed above because they could not perform their jobs without the help of their partner/flagger passengers.  It is not possible for one person to perform the job of a traffic control specialist, and they certainly could not perform their job in a safe manner by themselves.

(See Plaintiffs' Reply, ECF DKT #119 at 3-5).

In its Opposition Brief, Defendant argues that Plaintiffs' request to alter the Court's judgment and to allow another Amended Complaint is not justified.  (ECF DKT #117). Amendment after dismissal is permitted only in the most exceptional circumstances and not simply after a plaintiff has the benefit of the Court's guidance.  Rule 59(e) is an extraordinary remedy which should be granted only for compelling reasons and where there is a fundamental flaw in the Court's decision.  Defendant contends that Plaintiffs identify no legal error in the Court's Opinion; direct the Court to no change in the prevailing law; and point to no newly-discovered evidence.  Lastly, Plaintiffs should not be permitted to rely upon the assertion of manifest injustice.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 15(a) Amendment

Leave to amend should be "freely given when justice so requires."  *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) (quoting Fed.R.Civ.P. 15(a)). However, the court may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant," if allowing an amendment would place "undue prejudice [on] the opposing party," or if the amendment would be futile.  *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

-4-

The Sixth Circuit has recognized, moreover, that "following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside, or vacate the judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse*,

290 F.3d at 799.  *See also Benzon v. Morgan Stanley Distributors, Inc*., 420 F.3d 598, 613 (6th Cir. 2005).

**Fed.R.Civ.P. 60(b) Relief from Judgment**

Rule 60(b)(6) permits the court to grant a motion for "any other reason that justifies relief."   Fed.R.Civ.P. 60(b)(6).  The Supreme Court has held that relief under this section requires a showing of exceptional or extraordinary circumstances.  *See Ackermann v. United States*, 340 U.S. 193, 202 (1950).  In addition, the Sixth Circuit has instructed that "something more" than one of the grounds contained in subsections (1) through (5) must be shown for relief under this section.  *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011), citing *Hopper v. Euclid Manor Nursing Home, Inc*., 867 F.2d 291, 294 (6th Cir.1989).

**Fed.R.Civ.P. 59(e) Altering or Amending Judgment**

The Sixth Circuit has determined that motions under Rule 59(e) are generally only appropriate in the following circumstances:  1) to correct a clear error of law; 2) to incorporate

newly-discovered evidence; 3) to prevent manifest injustice; and 4) to address an intervening change in controlling law.  *Betts v. Costco Wholesale Corp*., 558 F.3d 461, 474 (6th Cir. 2009).  *See also Henderson v. Walled Lake Consol. Schs*., 469 F.3d 479, 496 (6th

Cir. 2006).

A Rule 59(e) motion is not meant to offer an opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id.*

A showing of "manifest injustice" under Rule 59(e) requires the existence of a fundamental flaw in the court's decision that, without correction, would lead to a result that is both inequitable and not in line with applicable policy. *McDaniel v. Am. Gen. Fin. Servs.*, *Inc.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007). Manifest injustice does not contemplate an attempt "to correct what has—in hindsight—turned out to be poor strategic decision." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also Oaks v. Allstate Ins. Co.*, CIV. 05–191–REW, 2007 WL 38375, at *3 (E.D.Ky. Jan. 5, 2007) ("Rule 59(e) is not a second opportunity for [p]laintiff to correct his oversights.").

**Post-Judgment Considerations**

Rule 15(a) "plainly embodies a liberal amendment policy," *Morse,* 290 F.3d at 800; but there is a "heavier burden" when requests to amend are made after an adverse judgment. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). When a plaintiff seeks to amend his complaint through a Rule 59(e) motion to amend the judgment, "the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse*, 290 F.3d at 799.

Post-judgment requests to amend require that the district court "also take into consideration the competing interest of protecting the finality of judgments and the

-6-

expeditious termination of litigation." *Morse*, 290 F.3d at 800. The court must ask whether the movant has given a "compelling explanation" for failing to seek leave to amend prior to the entry of judgment. *Leisure Caviar*, 616 F.3d at 617; *Morse*, 290 F.3d at 800. The court looks to prevent plaintiffs from using the district court "as a sounding board to discover holes in their arguments," and from getting around the narrow avenue to post-judgment relief available under Rules 59 and 60. *Leisure Caviar*, 616 F.3d at 616.

Plaintiffs here have not satisfied their heavy burden and have not provided a compelling explanation why they neither amended nor sought leave to amend prior to judgment being entered.

Plaintiffs assert that at no point prior to the Court's October 16, 2020 Opinion and Order, were they advised of the factual deficiencies upon which this Court based its decision to dismiss the case. (ECF DKT #119 at 6). Plaintiffs insist they never had the opportunity to cure any alleged factual deficiencies or to provide clarification with respect to any alleged deficiency.

To the contrary, Plaintiffs had to know from the outset what facts needed to be alleged since the FLSA imposes upon Plaintiffs the burden to show they performed compensable work. Additionally, Defendant's Motion to Dismiss emphasized the exceptions to compensable work found in the PPA and the ECFA. Plaintiffs were aware of the necessity of alleging a plausible claim that their activities were integral and indispensable to their traffic control specialist job, and that their activities would need to fall outside the exceptions in the PPA and the ECFA in order to qualify as compensable overtime.

Plaintiffs acknowledge that the Court identified in the Opinion and Order very specific

-7-

deficiencies which can easily be cured by amendment; yet they failed to ask permission to amend until after dismissal was entered. Plaintiffs' First Amended Complaint was filed on January 10, 2020. Defendant moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) on January 24, 2020. The Court's Opinion and Order was issued on October 16, 2020. Clearly, Plaintiffs had the opportunity to seek leave to amend once they were alerted to Defendant's rationale for dismissal and prior to issuance of the Court's final Order.

Plaintiffs contend that they had no reason to think their allegations were faulty because the Court conditionally certified their Collective Action. This argument merits Plaintiffs nothing. Conditional certification presents a "slight" burden and courts may grant conditional class certification upon a "modest" factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan. At the motion to dismiss stage, however, the burden is more substantial. Plaintiffs must show, with allegations of fact, that they are plausibly entitled to payment for compensable overtime work.

Plaintiffs rely heavily upon the *Morse* decision, where relief from judgment was granted and an amended complaint was entertained. However, the *Morse* fact pattern is significantly distinguishable from the one facing this Court. The defendant and the trial court in *Morse* were put on notice that plaintiffs would seek to amend their complaint. They made a pre-judgment request for leave to amend when, in their objections to a magistrate judge's report and recommendation, they requested "leave to re-plead, consistent with the recommendation of the Report [] and Rule 15(a)." Plaintiffs offered no early clue to their desire to amend in the instant matter.

In their Proposed Second Amended Complaint, Plaintiffs attempt to show that the ECFA does not apply.  They also try to bolster the description of "principal activity." Plaintiffs add language about assigned partner/flagger passengers, about the duties of "spotters," about commuting distance and about the necessity of partner/flagger passengers to the performance of their job.  This factual information has been available to Plaintiffs throughout the litigation.  Thus, Plaintiffs lack a "compelling explanation" for amending. Rather, they are simply seeking to fill the factual gaps the Court identified in its Opinion and Order.

Plaintiffs assert that while they believed their allegations were sufficient, "this Honorable Court disagreed."  (ECF DKT #119 at 3).  As the Sixth Circuit commented: "Undoubtedly, many plaintiffs would enjoy an opportunity to amend their complaint after judgment because of a purported good-faith disagreement with the court, but this is still an attempt to use the district court as a vehicle to identify pleading deficiencies."  *Pond v. Haas*, 674 Fed. App'x 466, 474 (6th Cir. 2016).

In sum, Plaintiffs argue that they were unaware of any alleged deficiencies.  Plaintiffs believed they had no deficiencies in their Complaint and that they had alleged sufficient factual matter under Fed.R.Civ.P. 8(a)(2).  In addition, Defendant had never before moved to dismiss.  "At no point in time could Plaintiffs have had any suspicion, let alone knowledge, that there were alleged factual deficiencies in the Complaint."  (ECF DKT #119 at 2). "Plaintiffs were never provided any opportunity to cure any alleged factual deficiencies or provide clarification with respect to any alleged deficiency."  (*Id*. at 6).  Thus, Plaintiffs now seek an opportunity to amend and clarify their allegations to comport more clearly with the

Court's Opinion and Order.  (ECF DKT #115 at 6-7).

Not one of Plaintiffs' contentions provides a "compelling explanation" for neither amending nor seeking leave to amend before judgment was entered.  "Sounding board" arguments like these have been rejected in *Leisure Caviar*, 616 F.3d at 617; *Kuyat v. BioMimetic Therapeutics, Inc*., 747 F.3d 435, 445 (6th Cir. 2014); and *Ricker v. Zoo Entertainment, Inc*., 534 Fed. App'x. 495, 501 (6th Cir. 2013).  Moreover, Plaintiffs point to no fundamental flaw or inequity in the Court's decision that could conceivably constitute "manifest injustice."

## III. CONCLUSION

For these reasons, Plaintiffs are not entitled to relief under Fed.R.Civ.P. 15(a), Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b).  The Motion (ECF DKT #115) of Plaintiffs to Alter or Amend Judgment and Motion for Leave to File Amended Complaint is denied.

**IT IS SO ORDERED.**

**DATE: April 13, 2021**

         s/Christopher A. Boyko
        **CHRISTOPHER A. BOYKO**
        **Senior United States District Judge**